UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

JOHN TICHOT,          )
                      )
       Plaintiff      )
                      )
v.                    )          No. 2:14-cv-330-GZS
                      )
UNITED STATES DEPARTMENT OF )
STATE,                )
                      )
       Defendant      )


ORDER GRANTING IN FORMA PAUPERIS STATUS, RECOMMENDED DECISION ON MOTION FOR INJUNCTION, AND RECOMMENDED DISMISSAL OF THE CASE IN ITS ENTIRETY

John Tichot, a self-described human rights activist, has filed a pleading (titled "class action lawsuit") seeking independence and sovereignty for the Upper Nile (ECF No. 1), an application for leave to proceed *in forma pauperis* (ECF No. 4), and a motion for an injunction against the United States Border Patrol and the "Maine State Security Police Agency," apparently to stop them from harassing and torturing him (ECF No. 5). I grant his request to proceed *in forma pauperis*, but also recommend that the court deny the motion for injunction and dismiss the action with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).[1]

*In forma pauperis* status is available under 28 U.S.C. § 1915(a)(1). However, section 1915(e)(2)(B) also provides, in relevant part:

---

[1] This is the sixth lawsuit filed by the plaintiff since April 9, 2010, when he also sued the Department of State. *Tichot v. U.S. Dep't of State,* No. 2:10-cv-135-GZS, and *Tichot v. FBI*, No. 2:10-cv-311-GZS. *See also Tichot v. Social Sec. Comm'r*, No. 2:10-cv-417-GZS; *Tichot v. Maine State Police*, No. 2:12-cv-13-GZS; and *Tichot v. Cumberland County Sheriff*, No. 2:13-cv-304-GZS. As Magistrate Judge Kravchuk noted in the previous cases, the plaintiff's claims in all of these actions are remarkably similar. I recommend that the court consider warning the plaintiff that, if he continues to file frivolous and groundless litigation, he may subsequently be enjoined from filing in this court. *See Cok v. Family Court of Rhode Island,* 985 F.2d 32 (1st Cir. 1993).

> [T]he court shall dismiss the case at any time if the court determines that—
>
> . . .
>
> (B) the action or appeal—
>
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

The plaintiff's application to proceed *in forma pauperis* (ECF No. 4) establishes that he has no funds with which to pay the filing fee for this action, and, accordingly, I grant the application.

The plaintiff's complaint, however, to the extent that I can understand it, seeks relief beyond the power of this court or the named defendant to bestow. The plaintiff alleges that the United States Border Patrol and "the Maine state security police agency" are "suppressing and oppressing our government, or the Regime of SALVA KIIR, and turned it to persecute[] the nation of South Sudan." Class Action Lawsuit ("Complaint") (ECF No. 1) at [1]. He alleges that the Border Patrol and the Maine state security police agency have effected "a deprivation of the rights to life, and secure, against [the] ethnic group of NUER[,]" *id.* at [3], and that the Border Patrol "is using its world position as power to exterminate the people of Upper Nile, or the ethnic group of NUER." *Id.* at [4]. He "ask[s] the court for the sovereignty of the Upper Nile[] region[,]" *id.*, and "for an injunction against the Maine state security police agency, and the Maine state federal military police agency, known as the U.S. BORDER PATROL, as well as against the Maine U.S. BORDER PATROL AGENCY"S WORLD SECURITY COUNCIL BOARD OF RIGHTS," *id.* at [4]-[5], although the complaint does not specify what the injunction would prohibit these parties from doing or command them to do.

First, the United States Border Patrol is an agency within the Department of Homeland Security. The Department of State has no ability to direct or control the activities of an agency that is part of a different department of the federal government. In addition, "the Maine state security police agency," if such an entity exists, is not subject to the direction or control of the federal Department of State or any other federal government agency or department. From all that appears, the plaintiff has attempted to sue the wrong entity.[2]

Next, the federal courts cannot determine the rightful sovereignty of a foreign country, nor can they address, in general, alleged deprivations of the rights of individuals who are not citizens or residents of the United States. *See, e.g., Slauenwhite v. Bekum Maschinenfabriken, GmBH, C.*, 104 F.R.D. 616, 617 (D. Mass. 1985).

An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The pleadings of *pro se* litigants are liberally construed. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

Even so construed, the plaintiff's complaint fails to state a claim upon which relief can be granted by this court. This conclusion also serves to answer in the negative the plaintiff's request for an injunction against the Department of State, presumably to stop the poisoning of his apartment, shocking him with electricity in his residence, wiretapping his brain, and causing the local Greyhound bus agency to refuse to sell him a ticket, events that he recounts in his separate request for an injunction. [Motion for Injunctive Relief], ECF No. 5, at [1]-[6]. *See Waldron v.*

---

[2] I note as well that the plaintiff, an individual who is not a member of the bar of this court, has identified his claim as a class action. Complaint at [1]. An individual who is not an attorney cannot represent other individuals in court.

*George Weston Bakeries Inc.*, 570 F.3d 5, 9 (1st Cir. 2009) (setting out four factors for preliminary injunctive relief, including likelihood of success on merits); *Coquico, Inc. v. Rodríguez-Miranda*, 562 F.3d 62, 66 (1st Cir. 2009). In addition, the motion asks for relief that is beyond the power of this court to award and the factual allegations are not plausible.

For the foregoing reasons, the plaintiff's request for *in forma pauperis* status is **GRANTED**, and I recommend that the court **DISMISS** this action with prejudice and **DENY** the motion for an injunction as moot.

### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which <u>de novo</u> review by the district court is sought, together with a supporting memorandum, within fourteen (14) days after being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to <u>de novo</u> review by the district court and to appeal the district court's order.*

Dated this 1st day of December, 2014.

/s/ John H. Rich III  
John H. Rich III  
United States Magistrate Judge